**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03297-NYW

SADIKI SOURAKA,

Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,
DAVID J. VENTURELLA, and
TODD BLANCHE,[1]

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents filed a response but declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 8]. Petitioner has replied. [Doc. 14]. For the reasons set forth below, the Petition is respectfully **DENIED without prejudice**.

**BACKGROUND**

Petitioner Sadiki Souraka ("Petitioner" or "Mr. Souraka"), a citizen of Togo, entered the United States on July 9, 2024. [Doc. 1-1 at 2]. He was released into the United States on parole in September 2024 and has lived in the country ever since. [*Id.*]. On or about October 24, 2025, Mr. Souraka was detained by ICE, and he remains in custody at the

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current officeholders of these positions are automatically substituted into this case.

ICE Aurora Contract Detention Facility. [*Id.* at 2–3]. Mr. Souraka was ordered removed to a third country, Uganda. [*Id.* at 2]. His appeal of the removal order remains pending. [*Id.*].

Mr. Souraka brings one claim challenging his detention. He asserts that he is detained under 8 U.S.C. § 1231(a) and that his ten-month detention has become unreasonably prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001). [Doc. 1-1 at 6–8]. As relief, he asks the Court to order his immediate release and enjoin Respondents from transferring him outside this Court's jurisdiction or re-detaining him absent a material change in circumstances. [*Id.* at 8–11].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)). In a § 2241 case, the petitioner bears the burden

of proving that his detention is unlawful. *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1257 (D. Colo. 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)); *Singh v. Noem*, 824 F. Supp. 3d 1197, 1209 n.3 (D.N.M. 2026) (collecting cases).

Because Petitioner proceeds pro se, the Court liberally construes his filings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court cannot act as his advocate. *See Hall*, 935 F.2d at 1110.

## ANALYSIS

Petitioner's claim relies on his assumption that he is detained under 8 U.S.C. § 1231(a). But § 1231(a) only deals with detention during and after a 90-day "removal period." *See* § 1231(a)(2), (6). The removal period begins on the latest of "(i) The date the order of removal becomes administratively final"; "(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (iii) the date of the noncitizen's release from non-immigration detention or confinement. § 1231(a)(1)(B). Prior to a final order of removal, by contrast, a noncitizen's detention is governed by 8 U.S.C. §§ 1225 or 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018).

Petitioner does not allege that any of the conditions for detention under § 1231(a) have occurred. First, a removal order is not "administratively final" while an appeal to the Board of Immigration Appeals remains pending. *E.g.*, *Hidalgo Anazco v. Baltazar*, No. 26-cv-01133-PAB, 2026 WL 1004485, at *1 (D. Colo. Apr. 14, 2026); *see also* 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an

appeal by the Board of Immigration Appeals."). As Petitioner concedes, "a decision is still pending" in his appeal of his removal order. [Doc. 1-1]. Nor does he allege that either of the other triggers for the removal period have occurred. Petitioner does not claim that any court has stayed his removal pending judicial review. Indeed, judicial review is only available for a "final order of removal." *See* 8 U.S.C. § 1252(a)(1). And there is no sign that Petitioner was held in non-immigration detention during any relevant time period.

Because Petitioner's removal order is not yet final, he is detained under § 1225 or § 1226, not § 1231. *See Hidalgo Anazco*, 2026 WL 1004485, at *1–2. His *Zadvydas* claim is therefore premature. *Zadvydas* addressed only the reasonableness of post-removal-period detention under § 1231(a)(6). 533 U.S. at 682. This framework does not apply to noncitizens who, like Petitioner, are not yet subject to a final order of removal and are not detained under § 1231(a)(6). *See, e.g.*, *Barnett v. De Anda-Ybarra*, No. 2:26-cv-01122-KG-JHR, 2026 WL 1091799, at *2 (D.N.M. Apr. 22, 2026); *Rivera v. U.S. Att'y Gen.*, No. 26-3151-JWL, 2026 WL 2024489, at *1 (D. Kan. July 14, 2026*); Singh v. Barr*, No. 19-cv-01381-STV, 2019 WL 13202230, at *4 (D. Colo. Oct. 25, 2019). Instead, Petitioner's detention has occurred "during deportation proceedings," which the Supreme Court has recognized as "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003); *cf. Soberanes*, 388 F.3d at 1311 (concluding that detention extended by pending judicial review of removal order was not unreasonably prolonged).

The record before the Court does not indicate which subsection of § 1225 or § 1226 provides the current basis for Mr. Souraka's detention. Respondents seem to suggest he is held under § 1226(a), [Doc. 8 at 2], which is the "default rule" for detention

pending removal proceedings, *Jennings*, 583 U.S. at 303. To be sure, noncitizens detained under § 1226(a) are entitled to certain procedural protections, including a bond hearing. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1233, 1251 n.13 (10th Cir. 2026). But Petitioner does not allege that he was deprived of any of these protections—only that he is entitled to immediate release under *Zadvydas*. *See* [Doc. 1-1]; *see also* [Doc. 14 (Petitioner arguing that immediate release, rather than a bond hearing, is the appropriate remedy, without addressing whether he has received a bond hearing)]. Nor does he explain how his prolonged detention arguments apply in the pre-removal-order context. While the Court recognizes that Petitioner proceeds pro se, the Court cannot make arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Because Petitioner fails to carry his burden to show that his detention is unlawful, the Petition is respectfully **DENIED without prejudice**.

**CONCLUSION**

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED without prejudice**;

(2) The Clerk of Court is **DIRECTED** to enter judgment in favor of Respondents and against Petitioner and terminate this case.

DATED: September 8, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge